UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANTONIO JOHNSON, ) | Civil Action No.: 4:10-cv-3106-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| H. WESLEY ROBINSON, and ) | |
| NATIONAL LEGAL PROFESSIONAL ) | |
| ASSOCIATES; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I. INTRODUCTION**

Plaintiff, who is proceeding pro se, appears to assert a claim for breach of contract. Presently before the Court is Defendant National Legal Professional Associates' (NLPA) Motion to Dismiss (Document # 31). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to Defendant's Motion could result in a recommendation that the Motion be granted. Plaintiff filed his Response three days after the deadline. Nevertheless, in the interest of justice, the court has reviewed and considered Plaintiff's Response as if it had been timely filed. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the present Motion is dispositive, this Report and Recommendation is entered for review by the district judge.

**II. FACTUAL ALLEGATIONS**

Plaintiff alleges that Defendants "promised to prepare a U.S.C. § 2255 after receipt of payment of Two-Thousand ($2,000) dollars issued by the US Treasury Department withdrawn from plaintiff Inmate Trust Account defendants failed to move forward in preparing such motion, billing

the plaintiff an additional seven-hundred dollars after plaintiff requested a refund." Complaint ¶ 12. Plaintiff alleges he is a citizen of South Carolina and Defendants are residents of or do business in Ohio. Complaint ¶¶ 2-3. Plaintiff seeks damages of $3,000,000. Complaint ¶ 31.

### III.    STANDARD OF REVIEW

When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

### IV.    DISCUSSION

Defendant NLPA argues that this court lacks subject matter jurisdiction over Plaintiff's claims because the amount in controversy does not exceed $75,000. District courts may exercise diversity jurisdiction over a case where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the case is between citizens of different states. 28 U.S.C. § 1332. Diversity of citizenship exists here and Plaintiff seeks $3,000,000 in damages. However, NLPA argues that, despite Plaintiff's demand for $3,000,000, under the facts alleged in the Complaint, Plaintiff cannot reach the amount in controversy. Although Plaintiff does not specifically allege a cause of action, he appears to claim that Defendants breached a contract to provide legal services. Plaintiff alleges that he paid $2,000 to Defendants to prepare a 28 U.S.C. § 2255 motion on his behalf. When Defendants failed to prepare the motion, Plaintiff sought a refund, but was instead told that he owed an additional $700. Thus, Plaintiff alleges specific damages in the amount of $2,700. This amount is far from the threshold amount in controversy.

Plaintiff indicates that he seeks $3,000,000 in punitive damages. Punitive damages are available in breach of contract cases only where the breach is accompanied by a fraudulent act. See, e.g., Lister v. NationsBank of Delaware, N.A., 329 S.C. 133, 494 S.E.2d 449 (Ct.App.1997). Plaintiff does not allege any fraudulent conduct on the part of NLPA with respect to the contract to provide legal services. However, he does set forth allegations of previous fraud by Defendants, which resulted in a criminal conviction as well as monetary sanctions for the unauthorized practice of law. Complaint ¶¶ 10-11. Even if Plaintiff's Complaint can be read as alleging a cause of action for breach of contract accompanied by a fraudulent act, this court still lacks subject matter jurisdiction.

A federal court may dismiss a case for failure to reach the jurisdictional amount "if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." JHT Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Defendants argue that Plaintiff's claim for $3,000,000 is not made in good faith in light of the fact that Plaintiff brought the same claim against Defendants in the Southern District of Ohio, see Johnson v. NLPA, No. 1:06-cv-402 (S.D.Ohio April 22, 2007), seeking $2,200. The case was dismissed for lack of subject matter jurisdiction for failure to meet the amount in controversy. Without explanation, under the same facts as set forth in the Southern District of Ohio, Plaintiff here increases his claim for relief from $2,200 to $3,000,000. To reach the jurisdictional minimum, much less Plaintiff's demand of $3,000,000, a jury would have to award Plaintiff punitive damages of approximately twenty-seven times his actual damages. The Due Process Clause "prohibits the imposition of grossly excessive or arbitrary punishments." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). In light of these principles, the undersigned recommends a finding to a legal certainty that Plaintiff

-4-

could not recover the amount claimed and that this court lacks subject matter jurisdiction.

## V.  CONCLUSION

For the reasons discussed above, it is recommended that Defendant NLPA's Motion to Dismiss (Document # 31) be granted and this case be dismissed in its entirety for lack of subject matter jurisdiction.[1]

                                 s/Thomas E. Rogers, III
                                 Thomas E. Rogers, III
                                 United States Magistrate Judge

January 31, 2012
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[1] If the district judge accepts this recommendation, all other pending motions will be moot.